UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARBARA W. WASHINGTON                                                         PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:13-cv-57-HTW-LRA

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,
Carolyn W. Colvin, Acting Commissioner                              DEFENDANT

REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to Plaintiff's Motion[1] [11] and Defendant's Motion for an Order Affirming the Decision of the Commissioner [12]. Having considered the record in this matter, the undersigned recommends that Plaintiff's motion be denied and Defendant's motion be granted.

**HISTORY**

Plaintiff's applications for social security disability insurance benefits and supplemental security disability benefits were denied initially and upon reconsideration, as well as denied by an Administrative Law Judge (ALJ) on July 28, 2011, and the Appeals Council on November 27, 2012. [10] at 4, 20. Plaintiff was 56 years old at the time of the hearing before the ALJ [10] at 17, making her a person of "advanced age" for social security purposes. Plaintiff has at least two years of college,[2] and before claiming to be disabled, worked as a pharmacy technician. [10] at 57.

---

[1] Plaintiff is pursuing this matter *pro se*.

[2] Plaintiff testified that she attended college for two years [10] at 56, but the ALJ's opinion states that she had three years of college, apparently based on a representation made by Plaintiff earlier in the process. [10] at 213.

1

Following the requisite five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 7, 2008 (step 1), and had severe impairments of degenerative disc disease, carpal tunnel syndrome, and obesity (step 2). The ALJ concluded that Plaintiff's impairments were not as severe as any impairment listed as presumptively disabling in the applicable regulations (step 3). The ALJ then concluded that Plaintiff was able to perform her past relevant work as a pharmacy technician (step 4). The ALJ determined, therefore, that the analysis need not proceed further and Plaintiff was not disabled. [10] at 19-20.

## STANDARD OF REVIEW

When considering social security appeals, this Court's review is limited to determining whether substantial evidence supports the findings made by the Social Security Administration and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Adler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side.

*Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988)*; Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld.

## THE ISSUE PRESENTED

Plaintiff contends that the ALJ committed reversible error in rejecting the opinion of her treating physician. [11]. Plaintiff argues that her treating physician's opinion was entitled to greater weight than that of Defendant's examining physician's opinion, which was given more weight by the ALJ. The ALJ acknowledged that a treating physician's opinion is ordinarily given controlling weight:

> In June 2008, Michael Simanovsky, M.D., the claimant's treating physician at the time, drafted a letter to "Whom It May Concern", and opined that claimant will require special conditions at work, including no repetitive-type motion in order to prevent aggravation of carpal tunnel syndrome and a seated job because of bilateral feet pain and lumbar radiculopathy (Exhibit 2F and 5F). The undersigned acknowledges that a treating physician's medical opinion of the nature and severity of a claimant's impairment is normally given controlling weight if it is well supported and not inconsistent with other substantial evidence in the case record (20 CFR §§ 416.927(d); SSR 96-2p). However, it may be discounted if it is inconsistent with the evidence and record as a whole, and is unsupported by the evidence.
>
> The record shows that Dr. Simanovsky has not treated claimant since the letter was drafted, and additional evidence has been added to the record since his opinion was formed, including the opinion of Dr. Lee. In addition, Dr. Simanovsky's opinion is inconsistent with claimant's self-reported activities of daily living and inconsistent with the record as a whole. Therefore, the undersigned finds the opinion of Dr. Lee more persuasive, and accords the opinion of Dr. Simanovsky little weight.

3

[10] at 19. The ALJ had previously described Dr. Lee's role and conclusions:

> In December 2009, Ann Y. Lee, M.D. completed a disability examination of claimant. (Exhibit 3F). Dr. Lee opined that claimant could stand or walk 6 hours in an 8-hour day and sit on an unlimited basis. Dr. Lee indicated that claimant could lift or carry up to 30 lbs occasionally and 10lbs frequently. She opined that claimant could occasionally bend, stoop, crouch, crawl, and climb. (Exhibit 3F). The undersigned acknowledges that Dr. Lee did not have a treating relationship with claimant. However, the doctor is an examining specialist, her opinion is widely consistent with the overall evidence of record, her opinion is supported by her examination notes and a narrative explaining her conclusions, and her opinion is persuasive. (20 CFR §§ 404.1527(d), and SSR 96-2p). Therefore, significant weight has been given to Dr. Lee's overall opinion.
>
> While Dr. Lee opined that claimant would need to take breaks as needed, there is no indication that these breaks would exceed the acceptable tolerance in the workplace. Dr. Lee did not submit any reports that would reveal the type of significant clinical abnormalities one would expect if claimant did in fact require frequent breaks that would exceed the acceptable tolerance. Therefore, Dr. Lee's finding that claimant would need to take breaks as needed is given minimum weight.

[10] at 18-19.

For social security determination purposes jobs are classified by physical exertion requirements as sedentary, light, medium, heavy, and very heavy. A "seated job", recommended by Dr. Simanovsky, implies that Plaintiff could only perform sedentary work, which would preclude Plaintiff's former light duty work as a pharmacy technician.[3]

---

[3]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and

In *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000), the Fifth Circuit set out the factors an ALJ must address when determining that a treating physician's opinion is not entitled to controlling weight. Citing 20 C.F.R. § 404.1527(d), the *Newton* Court stated that when rejecting or giving little weight to the treating physician's opinion, the ALJ must consider:

(1) the physician's length of treatment of the claimant;

(2) the physician's frequency of examination;

(3) the nature and extent of the treatment relationship;

(4) the support of the physician's opinion afforded by the medical evidence of record;

(5) the consistency of the opinion with the record as a whole; and

(6) the specialization of the treating physician.

*Newton*, 209 F.3d at 456. The ALJ considered all the foregoing factors in analyzing the treating physician's opinion in this case. In addition to addressing the opinions of Dr. Simanovsky and Dr. Lee as quoted *supra*, the ALJ cited the regulation relied upon by the *Newton* Court. [10] at 19. The ALJ had previously noted that the medical records submitted simply did not reflect treatment of disabling conditions. [10] at 18. Plaintiff's treatment was routine and conservative, and there was no evidence presented of "a significant degree of muscle atrophy, paravertebral muscle spasm, sensory or motor loss, or reflex abnormality." *Id.*

In addition to the letter referenced by the ALJ, Dr. Simanovsky wrote a letter dated November 6, 2007, presumably to Plaintiff's then employer, stating that she had been to his

---

pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567.

5

office frequently for low back pain, would need to stand no more than one hour at a time, would need to limit her bending, would need breaks and needed to lift no more than 15 pounds. In support of these restrictions, Dr. Simanovsky cited an MRI reflecting a bulging disc at L5-S1 and some arthritis. [10] at 288.

The medical records reflect that Dr. Simanovsky sent Plaintiff for evaluation of her carpal tunnel. The nerve conduction study results were "pretty minor." [10] at 269. That report also referenced old L-4 radiculopathy that was "probably not clinically significant at the present time." *Id.* As noted *supra*, Dr. Simanovsky's November 6, 2007 note regarding his treatment of Plaintiff indicates that an MRI revealed arthritis and a bulging disc at L5-S1. [10] at 264. Dr. Simanovsky restricted Plaintiff's work activity but did not take her off work. Dr. Simanovsky's notes regarding a June 5, 2008 visit describe Plaintiff's carpal tunnel and back complaints, and indicate that Plaintiff needs some restrictions on standing. *Id.* at 262. The ALJ noted the conditions referenced by Dr. Simanovsky but also noted that Plaintiff had not often sought treatment, had not been hospitalized for her complaints and had not been prescribed "other pain modalities." [10] at 17. "Furthermore, upon physical examination of claimant's strength, reflexes, and coordination were normal, and straight leg reflexes were negative.... Moreover, treatment notes showed normal range of motion, muscle strength, and stability in all extremities with no pain on inspection...." [10] at 17. Additionally, there is no evidence of record indicating that Dr. Simanovsky was a specialist.

As noted *supra*, Plaintiff argues that her treating physician's opinion should be afforded controlling weight, citing *Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir. 1981). Though a treating physician's opinion is generally given considerable weight if supported, the decision

must nonetheless be based on the entire record. *Id.* at 1082. The Social Security Ruling (SSR) that addresses when to give controlling weight to a treating physician's opinion reads:

> SSR 96-2p: POLICY INTERPRETATION RULING TITLES II AND XVI: GIVING CONTROLLING WEIGHT TO TREATING SOURCE MEDICAL OPINIONS
>
> **PURPOSE:** To explain terms used in our regulations on evaluating medical opinions concerning when treating source medical opinions are entitled to controlling weight, and to clarify how the policy is applied. In particular, to emphasize that:
>
> 1. A case cannot be decided in reliance on a medical opinion without some reasonable support for the opinion.
>
> 2. Controlling weight may be given only in appropriate circumstances to medical opinions, i.e., opinions on the issue(s) of the nature and severity of an individual's impairment(s), from treating sources.
>
> 3. Controlling weight may not be given to a treating source's medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques.
>
> 4. Even if a treating source's medical opinion is well-supported, controlling weight may not be given to the opinion unless it also is "not inconsistent" with the other substantial evidence in the case record.
>
> 5. The judgment whether a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record requires an understanding of the clinical signs and laboratory findings and what they signify.
>
> 6. If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted.
>
> 7. A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected. It may still be entitled to deference and be adopted by the adjudicator.

The undersigned's review of the record in this matter and the ALJ's decision indicate that the ALJ applied the appropriate legal standards and that her opinion is supported by substantial evidence.  Though Dr. Lee was not a treating physician, she examined Plaintiff, and her findings are consistent with the record as a whole.  The ALJ articulated good cause for not giving Dr. Simanovsky's opinion controlling weight in describing the extent of treatment with Dr. Simanovsky, the clinical signs, laboratory findings and Plaintiff's description of her activities.

The Fifth Circuit has held that treating physician's opinions are not conclusive.  *See, e.g.*, *Greenspan v. Shalala,* 38 F.3d 232, 237 ("The treating physician's opinions, however, are far from conclusive.").  It remains the ALJ's job throughout the process to determine whether a claimant is disabled for social security purposes.  Dr. Lee examined Plaintiff and the ALJ properly considered her opinion.  *See Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)(Where claimant is examined by more than one physician the ALJ may choose between conclusions despite the fact that one is by the treating physician).

A vocational rehabilitation expert testified at the hearing that Plaintiff can perform light work even with her restrictions.  [10] at 75.  There is also a Residual Functional Capacity exam record dated December 21, 2009, indicating that Plaintiff is capable of performing light work.  [10] at 280-85.  Plaintiff's job as a pharmacy technician is classified as light duty work.  In summary, substantial evidence supports the ALJ's decision in this matter.

## CONCLUSION

Accordingly, for the reasons stated above, the undersigned recommends that Plaintiff's Motion be denied and Defendant's Motion for an Order Affirming the Decision of the Commissioner be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

Respectfully submitted, this the 3rd day of November, 2014.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE